## AGREEMENT OF SELLER TO BUY BACK CERTIFICATE OF STOCK IF TENDERED BY PURCHASER.

Circuit Court of Lorain County.

EZRA SPRAGUE v. FRANK MUNGER.

Decided, September 28, 1910.

*Unilateral Contract—Acceptance—Consideration—Tender of Stock.*

1. A proposition by the seller of stock made to the buyer, that he will repurchase the stock within one year, if the buyer so desires, becomes a contract, upon sufficient consideration, if, within the year, the buyer evinces to the seller his desire to transfer the stock to him and tenders it.
2. While a tender of certificates of stock may not be sufficient unless they are properly endorsed, or unless coupled with an offer to transfer the stock on the books of the corporation, still, an allegation that the plaintiff tendered the "stock" itself, necessarily includes all things essential to the ownership of it.

*G. A. Resek,* for plaintiff in error.
*Frank Coleman,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Munger recovered judgment against Sprague on a contract for the sale of stock.

According to the amended petition in the case the contract consisted of a written proposition by Sprague and the acceptance thereof by Munger. The written proposition, as reformed by the court, reads as follows:

"I hereby agree to take of Frank Munger the $1,000 stock bought of us today off his hands and give him back his $1,000 that he paid for the stock, with interest at six per cent. one year from date, if he so desires. (Signed)  Ezra Sprague."

It is alleged that Munger within the year evinced to Sprague his desire that the latter take the stock off his hands. This we think, completed a contract between the parties and that Munger's agreement to transfer the stock communicated to Sprague

before the end of the year, became consideration for Sprague's promise to take it off his hands.

It is alleged that Sprague at the end of the year repeated and confirmed his agreement to take the stock, but complained that he was hard up at the time and asked for more time in which to raise the necessary funds and that Munger granted further time not only then but at subsequent times, until finally about April 16, 1909, Munger tendered the stock, demanded his pay for it, but Sprague neglected and refused to pay him for it.

It is claimed by plaintiff in error that said tender was not sufficient. This is the only question raised in this court, except that the contract was without consideration, a proposition upon which we have already stated our views.

The insufficiency of the tender is questioned in two ways: by a criticism of the allegations of the amended petition and by a suggestion that the judgment of the common pleas court is not sustained by sufficient evidence.

It is claimed that the tender was not complete because the stock certificate alleged to have been tendered was in the name of Munger and not endorsed by him, either in blank or otherwise, so as to authorize its transfer to Sprague upon the books of the company, and that the record does not show that Munger ever offered to endorse said stock certificate.

It is to be regretted that we can not examine the bill of exceptions on this proposition, for said bill is not complete; it does not contain all the evidence.

On page 16 of the bill of exceptions we find the following statement:

"Plaintiff also offered in evidence a certain certificate of stock of the McKinley Hardware Company, placed in the hands of the clerk of the court of common pleas for delivery to the defendant, and it is agreed by and between counsel for the parties that said certificate be known as 'Plaintiff's Exhibit G,' in this case and be treated as attached to and made part of this bill of exceptions, but retained in the custody of the said clerk for safe-keeping."

We have also found in the files a certain certificate of stock of the McKinley Hardware Company certifying that Frank

Munger is the owner of ten shares of the capital-stock of said company. This certificate is unattached to the bill, and, moreover, is not identified in any manner as the one referred to as offered in evidence.

Under the rule frequently announced by this court in conformity with the directions of the Supreme Court of Ohio, found in the case of *Railroad Co.* v. *Mackey,* 53 O. S., 370, we can not treat this certificate of stock as part of the bill of exceptions.

It follows that the bill does not contain all the evidence and therefore we are unable to weigh the evidence.

As to the sufficiency of the amended petition on the subject of tender, the allegation is that the plaintiff "tendered back to him (the defendant) said stock in accordance with the said understanding and mutual agreement between said parties.

It will be noticed that the *stock,* not the certificate of stock, is mentioned. The courts make a distinction betweeen the two: the certificate is only the evidence of the ownership of the stock.

An allegation of the tender of the certificate might be faulty unless including a statement that the certificate was properly endorsed or unless coupled with an offer to transfer it. (*Hager* v. *Reed,* 11 O. S., 626.)

But an allegation of a tender of the stock itself, necessarily includes all things essential to the ownership thereof.

So holding, we find the amended petition sufficient, and there being no other errors complained of. the judgment is affirmed.

HENRY, J.

I feel like adding to what my brother Winch has said in this case that we do not wish to be accused of being astute in discovering defects in the bill of exceptions in any case or going out of our way to discover that which has not been called to our attention by counsel with respect to a deficiency of the showing by a bill of exceptions of all the evidence so as to enable us to weigh the evidence. But in this case notice was necessarily directed to this deficiency by our attention having been called by counsel to the question of the validity of the tender. We looked for the certificate of stock; finding that there was

none attached, we looked for all the allegations of the bill in regard to it, in order that we might examine and see whether or not it was properly endorsed so as to amount to a proper tender. So that the defect that we found in the bill of exceptions can hardly be said to be one which we have called attention to of our own motion, but rather a defect which the things which were called to our attention in argument necessarily brought to our consideration.

WINCH, J.

We do not know that this certificate is the certificate that was deposited with the clerk. There is not a mark of any kind on it to indicate anything of that kind. How many certificates Munger had we don't know. This is found in the files, as all papers deposited with the clerk are found.

Where it came from we don't know; we found it between two pages in the bill of exceptions. It is not a certificate properly marked and identified as the bill shows the one to be considered a part, is marked and identified.